**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KEITH ANDERSON,     :
            :
  Plaintiff,      :
            :
v.           :  CIVIL ACTION NO.
            :  1:13-CV-00158-RWS
BANK OF AMERICA, N.A.; U.S. :
BANK NATIONAL     :
ASSOCIATION, Successor  :
Trustee to Bank of America, N.A., :
Successor Trustee to LaSalle Bank, :
N.A., as Trustee for the Holders of :
the First Franklin Mortgage Loan :
Trust, Mortgage Loan Asset-  :
Backed Certificates, Series 2006- :
FF18; and RUBIN LUBLIN, LLC :
f/k/a Rubin Lublin Suarez Serrano, :
LLC,         :
            :
  Defendants.     :

## <u>ORDER</u>

This case is before the Court on Defendant Rubin Lublin LLC's Motion

for Judgment on the Pleadings [10] and Defendants Bank of America, N.A. and

U.S. Bank National Association's ("Bank Defendants") Motion to Dismiss [11].

After reviewing the record, the Court enters the following Order.

## Background[1]

Plaintiff initiated this action in Fulton County Superior Court to enjoin Defendants from foreclosing on his property.  Defendants timely removed the case to this Court under 28 U.S.C. § 1332(a).

Plaintiff purchased the residential structure and real property located at 13335 New Providence Road, Alpharetta, Georgia ("Property") on October 25, 2006.  To finance the purchase, Plaintiff obtained a loan in the principal amount of $285,000.00 from First Franklin, a division of National City Bank.  Plaintiff contemporaneously executed a security deed naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and grantee for First Franklin. The security deed was recorded in Fulton County on October 31, 2006.  On June 21, 2011, MERS assigned its interest in the security deed to U.S. Bank, National Association ("U.S. Bank").  The assignment was recorded in Fulton County on July 25, 2011.

After Plaintiff allegedly defaulted on his loan, U.S. Bank hired Rubin Lublin LLC as its attorney and agent to conduct a non-judicial foreclosure of

---

[1] As this case is before the Court on motion for judgment on the pleadings and motion to dismiss, the Court accepts as true all well-pleaded facts in the Complaint.

2

the Property.  On October 29, 2012, Rubin Lublin sent a notice of acceleration

and foreclosure to Plaintiff, which listed a foreclosure sale date of December 4,

2012.  ([1-3] at 42-44 of 45.)  The sale was postponed, however, because

Plaintiff filed for bankruptcy on December 3, 2012 (In Re Anderson, No. 12-

80141-PWB (Bankr. N.D. Ga.)).  That same day, Plaintiff also filed the instant

action in Fulton County Superior Court.

Plaintiff petitions the Court to issue a temporary restraining order

("TRO"), a preliminary injunction, and a permanent injunction to stop

Defendants "and all others acting in concert with them" from foreclosing on the

Property.  By separate Order, this Court dismissed Plaintiff's motion for

preliminary injunctive relief.  Thus, only his petition for a permanent injunction

remains.  Defendant Rubin Lublin filed an Answer [6] to Plaintiff's petition on

January 23, 2013, and now moves for judgment on the pleadings under Federal

Rule of Civil Procedure ("Rule") 12(c).  Bank Defendants move to dismiss

Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon

which relief may be granted.

**Discussion**

**I.**      **Legal Standards**

A.      Motion for Judgment on the Pleadings

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings.  FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law.  Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).  A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party.  Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Rule 12(c) provides that if matters outside the pleadings are considered, the court may convert the motion for judgment on the pleadings to a motion for summary judgment.  Pleadings include the complaint and answer.  Fed. R. Civ.

4

P. 7(a).  Written instruments which are exhibits to a pleading are considered a part of the pleading.  Fed. R. Civ. P. 10(c).

B.      Motion to Dismiss

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set

5

forth in the complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."  D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id.

6

(citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed'

means that the authenticity of the document is not challenged."  <u>Id.</u>

**II.      Analysis**

       **A.**      <u>Rubin Lublin LLC's Motion for Judgment on the Pleadings</u>

      Plaintiff did not file a response to Rubin Lublin's motion.  Therefore, the

motion is deemed unopposed.  N.D. Ga. L.R. 7.1B.  The Court has reviewed

Rubin Lublin's submission and cited legal authority, and finds that the motion

has merit.

      Rubin Lublin argues it is not a proper Defendant in this action because it

acted solely as attorney and agent for U.S. Bank and thus is not the appropriate

party to enjoin.  "The relationship between client and attorney . . . is a

quintessential principal-agent relationship."  <u>C.I.R. v. Banks</u>, 543 U.S. 426, 436

(2005) (citing Restatement (Second) of Agency § 1, Comment e (1957)).  The

Supreme Court in <u>Banks</u> described the client "as retain[ing] ultimate dominion

and control over the underlying claim" and the attorney "as an agent, is

obligated to act solely on behalf of, and for the exclusive benefit of, the client-

principal[.]" <u>Id.</u>; <u>see also</u> O.C.G.A. § 10-6-21 ("The agent shall act within the

authority granted to him[.]").

7

Here, Rubin Lublin never held an ownership or security interest in the Property.  It does not have independent authority to foreclose (or not) on the Property and was acting solely on behalf of its client-principal, U.S. Bank, when it sent the notice of acceleration and foreclosure to Plaintiff.  Plaintiff does not allege that Rubin Lublin acted outside the scope of its agency, which could give rise to liability.  Furthermore, as Rubin Lublin notes, any injunctive relief granted by this Court binds the "parties' officers, agents, servants, employees, and attorneys."  Fed. R. Civ. P. 65(d)(2)(B).  The Court agrees that Rubin Lublin LLC is an improper and unnecessary party to this suit for injunctive relief and therefore it is **DISMISSED** from the action.

B.      Bank Defendants' Motion to Dismiss

As a preliminary matter, Bank Defendants argue that Plaintiff has failed to allege any facts directed at Bank of America, N.A. ("BANA").  (Bank Def.s' MTD, [11-1] at 6-7 of 33.)  The Court agrees that Plaintiff has failed to state a claim satisfying Rule 8's pleading standards against BANA.  Other than naming BANA as a defendant and stating, "BANA is merely a servicer who does not own the Note," Plaintiff makes no mention of BANA in his Complaint.  His allegations are clearly directed at U.S. Bank as assignee of the security deed and

the entity attempting to foreclose.  Therefore, BANA is **DISMISSED** from this action.

Although Plaintiff does not set out particular causes of action in his Complaint, it appears he is claiming wrongful foreclosure or attempted wrongful foreclosure against U.S. Bank.  U.S. Bank argues that Plaintiff cannot maintain a wrongful foreclosure claim because no foreclosure sale has occurred.  (Bank Def.s' MTD, [11-1] at 7-8 of 33.)  The Court agrees.  See Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D. Ga. Sept. 14, 2012) ("Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred."); Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure.").[2]

---

[2]  The Court also notes that the grounds upon which Plaintiff claims wrongful foreclosure are without merit.  It is well established that Plaintiff does not have standing to challenge the assignment of the security deed because he was not party to or a third-party beneficiary of that contract.  Abdullahi v. Bank of America, N.A., No. 2:12-CV-0162-RWS, 2013 WL 1137022, at * 5 (N.D. Ga. Mar. 15, 2013); O.C.G.A. § 9-2-20(a) ("an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in

9

To state a claim for attempted wrongful foreclosure, Plaintiff must show: (1) a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and (2) that damages were sustained as a direct result of the publication. <u>Aetna Fin. Co. v. Culpepper</u>, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984). U.S. Bank contends, and the Court agrees, that Plaintiff has not alleged any facts in his Complaint to support such a claim. Plaintiff does not dispute U.S. Bank's argument. In fact, Plaintiff's response brief does not address attempted wrongful foreclosure at all. (<u>See generally</u>, Pl.'s Resp. Br., [16].)

Accordingly, the Court concludes that Plaintiff has failed to state a claim for either wrongful foreclosure or attempted wrongful foreclosure and Bank Defendants' motion to dismiss is **GRANTED**. To receive a permanent injunction, Plaintiff must show actual success on the merits of his claims.

_____

person or by agent"). Further, in <u>You v. JP Morgan Chase Bank, N.A.</u>, 743 S.E.2d 428, 433 (Ga. 2013), the Georgia Supreme Court held: "Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." So even if a claim for wrongful foreclosure were properly before the Court post-sale, Plaintiff's arguments to support such a claim are unfounded. (Pl.'s Resp. Br., [16] at 4-10 of 19.)

Because Plaintiff cannot do so here, the Court will not permanently enjoin U.S. Bank from foreclosing on the Property.

  <u>C.</u>  <u>Plaintiff's Motion to Amend Complaint</u>

  Plaintiff requests leave to amend his Complaint to add a claim to quiet title.  (Pl.'s Resp. Br., [16] at 14 of 19.)  While it is true that leave to amend should be freely given under Rule 15(a), a motion to amend "may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  <u>Chen ex rel. V.D. v. Lester</u>, 364 Fed. App'x 531, 538 (11th Cir. 2010).  "An amendment is futile where the amended complaint would still be subject to dismissal."  <u>Id.</u>

  Bank Defendants argue that the amendment here would be futile because Plaintiff cannot show that he holds title to the Property.  (Def.'s Reply, [19] at 20 of 23.)  "A true owner alone can maintain an action to remove a cloud on his title to land; and, in a petition for such purpose, facts must be alleged which show that the title is in the petitioner."  <u>Thomas v. Stedham</u>, 68 S.E.2d 560, 562 (Ga. 1952).  Plaintiff executed a security deed transferring legal title to MERS, which was then assigned to U.S. Bank.  (Security Deed, [1-1] at 53 of 95.)

AO 72A
(Rev.8/82)

Plaintiff only recovers title to the Property when he pays all sums due under his loan.  (Id. at 61 of 95.)

Notably absent from all of Plaintiff's submissions is a claim that he has paid the full amount due on his loan.  Rather, he claims that nothing is owed to *these defendants* because the assignment from MERS was invalid and because the Bank Defendants are not secured creditors.  (Compl., [1-1] at 5-7 of 95; Pl.'s Resp. Br., [16] at 11 of 19 ("because Defendants have no secured, beneficial interest in his note, Plaintiff does not owe anything *to these Defendants*") (emphasis in original).)  The Court has already discredited these arguments.  (See Part II.B. n. 2, supra.)  Thus, the Court agrees that amendment would be futile and Plaintiff's request for leave to amend is **DENIED**.


### Conclusion

Based on the foregoing, Rubin Lublin LLC's motion for judgment on the pleadings [10] is **GRANTED** and Bank Defendants' Motion to Dismiss [11] is **GRANTED.**  Plaintiff's petition for permanent injunction [1-1] and motion for leave to amend his Complaint [16] are **DENIED.**


12

**SO ORDERED**, this __25th__ day of October, 2013.

_Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)